UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-25-662-R |
| | ) |
| STEPHEN GRAY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

The following motions are pending before the Court: Defendant Stephen Gray's Motion to Dismiss [Doc. No. 12], Defendant Janice Sizemore's Answer and Motion to Dismiss [Doc. No. 13], and Defendant Janice Sizemore's Motion for Sanctions Pursuant to Rule 11 [Doc. No. 14]. Each motion is fully briefed [Doc. Nos. 18, 19, 20, 21, 22, 23, 24][1] and at issue.

## I.   Background

This action concerns Plaintiff's dissatisfaction with the legal services Defendant Stephen Gray, an attorney, provided in connection with a lawsuit brought in state court. After Mr. Gray filed a motion to dismiss [Doc. No. 7] the original Complaint [Doc. No. 1]

---

[1] Doc. No. 24 is Ms. Sizemore's "Supplement" to her Motion to Dismiss which contains additional argument and authority. Plaintiff subsequently filed a Motion to Strike [Doc. No. 25] seeking to strike the motion pursuant to Rule 12(f). The Court liberally construes Ms. Sizemore's filing as a reply brief, which is authorized by Local Civil Rule 7.1(h). Plaintiff's Motion to Strike is therefore denied. But the issue is largely irrelevant because the Court would reach the same conclusion even without consideration of Ms. Sizemore's supplement.

1

for violating Rule 8(a)(2) and for failure to state a claim, Plaintiff[2] filed an Amended Complaint [Doc. No. 8]. The Amended Complaint, which includes fifty pages of allegations and fourteen separate exhibits, eliminated certain claims asserted against Mr. Gray and added two defendants, Ms. Sizemore and Stephen P. Gray P.C.[3]

According to the Amended Complaint, Plaintiff retained Mr. Gray to represent him in a private condemnation proceeding in the District Court of Payne County, Oklahoma. *See* Am. Compl. ¶ 18. Plaintiff and Stephen Gray P.C. executed an Engagement Letter setting out the terms of the representation and the requirement of a retainer. *Id.*, Ex. 3. In the state court action, Plaintiff, represented by Mr. Gray, filed a petition seeking to obtain an easement by necessity pursuant to Okla. Stat. tit. 27, § 6 and Okla Const. Art. 2, § 23 across a parcel of property that is immediately adjacent to Plaintiff's property. *Id.* ¶ 68; Ex. 11; *see also Pierce v. Parli,* CJ-2023-197 (Payne Co. Okla.).[4]

---

[2] Plaintiff is proceeding in this action pro se. For that reason, the Court liberally construes his pleadings but does not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Although the Amended Complaint contains allegations that are admittedly redundant, irrelevant, and verbose, the Court does not agree with Defendant that it is so disjointed or prolix as to warrant dismissal for violating Rule 8(a)(2). The factual contentions are set out in separately numbered paragraphs, the causes of action are clearly labeled, and the allegations provide fair notice as to the basis of the claims. That said, Plaintiff is cautioned that including repetitive, irrelevant, or needlessly lengthy allegations and arguments in his pleadings will generally serve only to delay, rather than expedite, the resolution of his claims.

[4] The Court takes judicial notice of documents filed in the state court action, some of which are attached as exhibits to Plaintiff's Amended Complaint. *See Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson,* 248 F.3d 946 (10th Cir. 2001) (explaining that "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of

Plaintiff alleges that Mr. Gray engaged in a "series of grievous actions" during the legal representation, such as disregarding an agreement to have all work approved by Plaintiff, excessive billing, not responding to Plaintiff's inquiries about the case, failing to have the property that is the subject of condemnation action appraised, and failing to challenge the valuation of the property in a timely manner. Am. Compl. ¶¶ 2-5, 22 -38, 56-88. Plaintiff also takes issue with Mr. Gray filing a statutory charging lien with the state court petition and filing an attorney's lien on Plaintiff's real property. *See* Okla. Stat. tit. 5, § 6 (providing for charging lien on the client's cause of action and attorney's lien on real property). Plaintiff asserts that lien is "fraudulent" and wrongful because Mr. Gray was paid a retainer and the state court action was not the type of case where Plaintiff could recover a money judgment. *Id.* ¶¶ 38-51; Ex. 11, 12.

Plaintiff further complains that Mr. Gray improperly recommended that Ms. Sizemore serve as one of the court-appointed commissioners to the state court action. Am Compl. ¶¶ 68-85. Ms. Sizemore, along with two other individuals, were appointed by the court to inspect and appraise the property and to submit a report regarding the compensation owed to the defendant for the taking of the property. Plaintiff alleges that Mr. Pierce failed to disclose that Ms. Sizemore used to work for him and failed to comply with the statutory requirement to select a commissioner that owns property within the county. *Id.* Plaintiff further alleges that Ms. Sizemore, a licensed real estate professional,

---

public record"); *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that courts may consider documents referenced in a complaint and judicially noticed matters at the motion to dismiss stage).

failed to support the valuation of the property with data regarding comparable sales and that, due to her prior professional relationship with Mr. Gray, she could "drag out the case by tainting the value" of the property for an "egregious amount" to ensure "a big pay day" for Mr. Gray. *Id*. ¶¶ 72, 79.

Mr. Gray eventually filed a motion to withdraw from his representation of Plaintiff in the state court action, which allegedly resulted in two hearings, further delays, and numerous expenses incurred by Plaintiff. *Id.* ¶¶ 89-95. The state court action is still pending.

Against this backdrop, Plaintiff asserts claims against Mr. Gray for legal malpractice, breach of contract, negligence, deceit, breach of fiduciary duty, fraud, and constructive fraud. He also seeks declaratory relief in the form of a declaration that Mr. Gray has breached their agreement by performing unauthorized work and a declaration that the attorney lien, which he claims has created a cloud on the title to his property, is void. *Id.* ¶¶ 110-119. As to Ms. Sizemore, he asserts a claim of negligence based on her failure to include data on comparable sales to support the valuation included in the commissioner's report. Mr. Gray and Ms. Sizemore both move for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**II.    Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4

for the misconduct alleged." *Id*. Notably, a complaint that "pleads facts that are 'merely consistent with' a defendant's liability" has stopped short of stating a plausible claim. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All the well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### III.   Discussion

#### A. Defendant Sizemore's Motion to Dismiss and Motion for Sanctions

Ms. Sizemore[5] argues that Plaintiff has failed to state a claim against her because she was acting in her capacity as a court-appointed commissioner and is therefore entitled to absolute judicial or quasi-judicial immunity. "Absolute immunity bars all suits for money damages, including both constitutional and common law tort claims, against those entitled to its protections." *Wittenberg v. Oklahoma Health Care Auth*., 781 F. Supp. 2d 1221, 1228 (N.D. Okla. 2011). Pertinent here, judges performing actions in their judicial capacity are among those entitled to the protection of absolute immunity. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). As explained by the Tenth Circuit, absolute judicial immunity is far-reaching:

> Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction. A judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority. Moreover, a judge is

---

[5] Ms. Sizemore is also proceeding pro se.

5

> absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.

*Id.* (internal quotation marks, citations, and brackets omitted). And, because "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches," absolute judicial immunity "may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Id.* (internal quotation marks, citations, and brackets omitted).

In determining the availability of absolute immunity, courts use a "functional approach, which looks to the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotation marks and citation omitted). Under this approach, courts have recognized that absolute quasi-judicial immunity extends to persons that are appointed by the court or otherwise authorized to assist the judge in performing their adjudicative functions. *See Whitesel v. Sengenberger,* 222 F.3d 861, 868 (10th Cir. 2000) (pretrial services officers designated by district judges to act as bond commissioners); *Martinez v. Roth*, 53 F.3d 342 (10th Cir. 1995) (unpublished) (court-appointed psychologist in custody dispute); *Schinner v. Strathmann*, 711 F. Supp. 1143, 1143 (D.D.C. 1989) (court-appointed psychologist that interviewed defendant in relation to competency evaluation); *Simonson v. Schaefer*, 301 P.3d 413, 415 (Okla. 2013) (court appointed expert testifying in custody dispute). Moreover, the Supreme Court has recognized that "commissioners appointed to appraise damages when property is taken under the right of eminent domain" were historically

6

"among the class of person protected by judicial immunity." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 (1993).

Under the circumstances alleged here, the Court is persuaded that Ms. Sizemore is entitled to absolute immunity. Plaintiff alleges, and the state court records indicate, that Ms. Sizemore was appointed by the district court to serve as a commissioner in Plaintiff's private condemnation action. Under the procedures governing private condemnation in Oklahoma,[6] the district judge shall select "three disinterested freeholders" to serve as commissioners to assess the just compensation of the property taken. Okla. Stat. tit. 66 at § 53; *see also City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 166 F.3d 1064, 1069 (10th Cir. 1999). The commissioners then submit a report to the court stating the just compensation for the property and, after the parties are given the opportunity to object, the court must either confirm the report, reject the report, or order a new appraisal. Alternatively, either party may demand a jury trial as to the amount of just compensation. *Id.* at § 55(A). Ms. Sizemore, along with the other two court-appointed commissioners, submitted a report to the district court setting out their determination as to the just compensation owed to the defendant.

Plaintiff claims that Ms. Sizemore, a real estate professional, acted negligently by failing to support her valuation of the property with data regarding comparable sales and that the valuation was exaggerated. This claim relates solely to actions Ms. Sizemore took

---

[6] The procedures for determining the amount of just compensation owed to a defendant in a private condemnation action are outlined in Okla. Const. Art. II, § 24; Okla. Stat. tit. 27, § 6; and Okla. Stat. tit. 66, §§ 53 through 58.

7

in her capacity as a court-appointed commissioner assisting the court with an adjudicative function. Accordingly, Ms. Sizemore is entitled to judicial immunity as to Plaintiff's negligence claim.

At bottom, Plaintiff's claim against Ms. Sizemore is that he disagrees with the commissioners' assessment of the just compensation owed for the taking of the defendant's property. The remedy for that claim is to file an objection to the commissioners' report in the district court where the action is pending. Plaintiff has not plausibly shown that he may maintain an action in tort against Ms. Sizemore and she is therefore dismissed.

Ms. Sizemore additionally seeks sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. Federal Rule of Civil Procedure 11(b) states:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3). The "central purpose of Rule 11[,]" which applies to attorneys and pro se litigants alike, "is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "In order to comply with Rule 11 and avoid sanctions thereunder, a pro se party's actions must be objectively reasonable." *Clements v. Chapman*, 189 F. App'x 688, 692–93 (10th Cir. 2006). However, "[a] litigant's pro se status

may certainly be considered when determining whether to impose Rule 11 sanctions." *McCormick v. City of Lawrence*, 218 F.R.D. 687, 690 (D. Kan. 2003).

Ms. Sizemore contends that sanctions are warranted because Plaintiff's claim against her is frivolous, harassing, and contains factually incorrect allegations. However, it is not unreasonable for pro se litigants to misconstrue absolute immunity or the elements of a claim. Further, although Ms. Sizemore's allegation that Plaintiff has, in the past, made inappropriate or harassing phone calls to her is certainly troubling, Plaintiff disputes these assertions and Ms. Sizemore does not appear to be alleging that the conduct is ongoing. Ultimately, the Court is unable to conclude that Plaintiff's arguments are so unfounded as to be considered frivolous or that the claim was asserted for an improper purpose. As to Ms. Sizemore's argument that the factual contentions in the Amended Complaint lack evidentiary support, she has not pointed to any allegations that are blatantly false. Plaintiff has offered explanation and support for many of the challenged allegations and although they may ultimately be shown to be incorrect, the assertions are not so legally or factually baseless as to be sanctionable.

"Courts are typically inclined to sanction pro se litigants under Rule 11 only when the litigant has been repeatedly warned that his or her legal theories are meritless or his or her improper purpose is clear from the record." *Rasmussen v. Burnett*, No. 24-CV-01727-SKC-KAS, 2025 WL 808364, at *3 (D. Colo. Mar. 12, 2025). Plaintiff's conduct, at least at this point, has not risen to that level. Although the Court reminds Plaintiff that he must comply with Rule 11, and all other procedural and local rules, sanctions are not appropriate at this time.

### B. Defendant Gray's Motion to Dismiss

Mr. Gray first argues that Plaintiff has failed to plausibly allege the elements of a legal malpractice claim. To prove legal malpractice under Oklahoma law, a plaintiff must show

> (1) the existence of an attorney-client relationship, (2) breach of a lawyer's duty to the client, (3) facts constituting the alleged negligence, (4) a causal nexus between the lawyer's negligence and the resulting injury or damage, and (5) but for the lawyer's conduct, the client would have succeeded in the action.

*Rhodes v. Bethune*, No. CIV-15-120-M, 2016 WL 4031243, at *2 (W.D. Okla. July 26, 2016) (citing *Manley v. Brown*, 989 P.2d 448, 452 (Okla. 1999)). "The proximate cause or 'but for' element of the claim 'must be based on something more substantial than mere speculation and conjecture.'" *McAllister v. Watkins*, No. CIV-15-371-C, 2016 WL 6127529, at *1 (W.D. Okla. Oct. 20, 2016) (quoting *Worsham v. Nix*, 145 P.3d 1055, 1065-66 (Okla. 2006)). Here, Plaintiff has failed to include anything other than speculation showing that but for the lawyer's conduct, he would have succeeded in the state court action. Because Plaintiff has not alleged facts plausibly showing that the state court action would have been successful but for Mr. Gray's conduct, he has failed to state a claim for legal malpractice.

Plaintiff's negligence claim likewise fails. The Amended Complaint alleges that Mr. Gray breached his duty to "act as a reasonably prudent attorney would under similar circumstances" by failing to communicate, failing to secure an appraisal of the property, failing to handle the case in a cost-effective manner, and failing to timely assert an objection to the commissioner's report. This is the same duty that underlies the legal malpractice

10

claim. Because Plaintiff's negligence claim is duplicative of the legal malpractice claim, it fails for the same reason noted above.

Plaintiff's breach of contract claim is also deficient. The Amended Complaint alleges that Plaintiff and Mr. Gray entered into an agreement to provide legal services and Mr. Gray violated the agreement by 1) failing to perform legal services with requisite skill and diligence, 2) failing to properly respond to and communicate with Plaintiff, 3) failing to obtain Plaintiff's approval before taking certain actions, and 4) filing an attorney's lien and improperly billing Plaintiff. Am. Compl. ¶¶ 146-52. Mr. Gray argues that the breach of contract claim fails because it incorporates no more than the general duty of care an attorney would owe his client under the Oklahoma Rules of Professional Conduct ("ORPC") regardless of a contract.

Under Oklahoma law, "a party may bring a claim based in both tort and contract against a professional" and the claims "may arise from the same set of facts." *Great Plains Fed. Sav. & Loan Ass'n v. Dabney*, 846 P.2d 1088, 1092 (Okla. 1993). But "[i]t is well-settled that the ORPC do not form a basis for civil liability." *Trinity Mortg. Cos. v. Dreyer*, No. 09-CV-551-TCK-FHM, 2011 WL 61680, at *5 (N.D. Okla. Jan. 7, 2011) (citing Okla. Stat. tit. 5, App. 3-A). Thus, where the "breach of contract action 'merely incorporates by reference or by implication a general standard of skill or care [to] which a defendant would be bound independent of the contract[,] a tort case is presented.'" *Id*. (quoting *Dabney*, 846 P.2d at 1092). "However, where the parties have spelled out the performance promised by defendant and defendant commits to the performance without reference to and irrespective of any general standard, a contract theory would be viable, regardless of any negligence on

11

the part of a professional defendant." *Great Plains Fed. Sav. & Loan Ass'n v. Dabney*, 846 P.2d 1088, 1092 (Okla. 1993).

  Here, the bases for Plaintiff's breach of contract claim concern alleged violations of the general standard of skill or care to which Mr. Gray would be bound independent of the contract.[7] Additionally, the parties to the contract are Plaintiff and Stephen Gray P.C., rather than Mr. Gray, individually. *See Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982) ("[C]ontracts are binding only upon those who are parties thereto."). Because Plaintiff has not plausibly alleged a basis for asserting a breach of contract claim against Mr. Gray, individually, dismissal is warranted.

  As to the remaining causes of actions, the allegations, when construed in Plaintiff's favor, are sufficient to survive a motion to dismiss. Mr. Gray argues that Plaintiff's claim for declaratory relief should be dismissed because it only seeks to proclaim liability for a past act, i.e., whether Mr. Gray breached the agreement, and does not seek to define the rights of the party's as to future conduct. *See Chavez v. Schwartz*, 457 F. App'x 752, 754 (10th Cir. 2012) ("Declaratory relief is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for past actions.").

---

[7] The Amended Complaint identifies the Engagement Letter as the written "Agreement" underlying the breach of contract claim. Am. Compl. ¶¶ 145-146. To the extent Plaintiff also alleges that he and Mr. Gray had a verbal "arrangement" whereby Mr. Gray was required to seek Plaintiff's "approval before undertaking substantial actions," Am. Compl. ¶¶ 23, 148, this alleged oral promise also incorporates the lawyer's general standard of care. *See* Okla. Stat. tit. 5, App. 3-A, Rule 1.2 ("A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.").

12

Mr. Gray is construing the allegations too narrowly. Plaintiff's claim for declaratory relief seeks an adjudication as to whether the attorney's lien placed on Plaintiff's property is valid. Plaintiff alleges that the lien is premised on fees for unauthorized or excessive work and that the lien is creating a cloud on the title that is preventing him from selling or refinancing the property. Mr. Gray does not persuasively explain why a claim seeking an adjudication as to the validity of the lien is not justiciable. *See OKCDT Enter., LLC v. CR Crawford Constr., LLC*, No. CIV-18-1134-G, 2019 WL 1320063, at *1 (W.D. Okla. Mar. 22, 2019) (declaratory action as to whether amount claimed in mechanic's lien was correct); *Riffel L. Firm, PLLC v. Gaisford,* No. CIV-20-616-C, 2021 WL 111866, at *2 (W.D. Okla. Jan. 12, 2021), judgment entered, No. CIV-20-616-C, 2021 WL 1737594 (W.D. Okla. May 3, 2021) (concluding that attorney's lien was invalid and granting summary judgment to defendant); *Simler v. Conner*, 352 F.2d 138, 139 (10th Cir. 1965) (declaratory judgment action to determine amount of attorney's fees owed under a contract); *Mehdipour v. Holland*, 177 P.3d 544, 546 (Okla. 2007) (resolving motion to vacate attorney's lien); *Britton & Gray, P.C. v. Shelton*, 69 P.3d 1210, 1211 (Okla. Civ. App. 2003) (action seeking declaration as to validity of attorney's retaining lien).

Next, Mr. Gray argues that the breach of fiduciary duty claim fails because it merely duplicates the negligence claim and does not implicate any breach of loyalty or confidentiality. "Oklahoma courts recognize an independent cause of action for an attorney's breach of a fiduciary duty." *Modoc Nation Bohl v. Follis*, No. 19-cv-588-JDR-JFJ, 2024 WL 4643714, at *2 (N.D. Okla. Oct. 30, 2024) (citing *Graves*, 359 P.3d at 1155). "Fiduciary duties focus on 'client loyalty and confidentiality' rather than the 'contractual

obligations or the duty of due care.'" *Id.* (quoting *Graves*, 359 P.3d at 1156) (citation and quotation marks omitted).

Plaintiff alleges Mr. Gray took advantage of his knowledge of Plaintiff's confidential financial details and used him as an "open check book" by excessively billing him, delaying the case, and utilizing a commissioner that he had a prior working relationship with as a means of running up the value of the case. Am Compl. ¶¶ 71-72, 185-190. Construed in Plaintiff's favor, these allegations raise a plausible inference that fiduciary duties beyond the attorney's standard duty of care were breached. *See Modoc Nation Bohl v. Follis,* No. 19-CV-588-JDR-JFJ, 2024 WL 4643714, at *2 (N.D. Okla. Oct. 30, 2024) (denying summary judgment on breach of fiduciary duty claim where there was evidence that attorney betrayed client's trust that he would act in their best interest); *Fortelney v. Liberty Life Assur. Co. of Bos.*, 790 F. Supp. 2d 1322, 1355-56 (W.D. Okla. May 16, 2011) (denying motion to dismiss breach of fiduciary duty claim where plaintiff alleged his attorney "breached their duties by violating several rules of professional conduct.").

Mr. Gray also contends Plaintiff's fraud claims are subject to dismissal because they are not pled with particularly as required by Rule 9. Rule 9(b) requires parties alleging fraud to "state with particularity the circumstances constituting fraud or mistake." This standard "'does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim.'" *U.S. ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (quoting *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012)). This

14

generally means the plaintiff must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013) (quotation omitted). *See also U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (2010) (finding plaintiffs adequately pled fraud claims through providing the "who, what, when, where and how").

Plaintiff's allegations, although admittedly redundant at times, meet this standard. Regarding the *who*, Plaintiff alleges Mr. Gray made the false representations. Am. Compl. ¶ 197. Addressing the *what*, Plaintiff alleges a series of misconduct including, among other things, failing to disclose his right to file a lien, filing the lien despite Plaintiff not owing any fees, and neglecting to discuss billing and the matter in general with Plaintiff. *Id.* ¶¶ 171-77, 197-99, 209-11. Pertaining to *when*, Plaintiff alleges these actions took place over the course of Mr. Gray's representation of him. *Id.* ¶¶ 18-30, 35-37, 39-44, 172, 175, 197, 199, 209-11. As for the *where*, Plaintiff provides the location of the court where the lien was filed and details the email and telephone conversations where the misrepresentations were made. *Id.* ¶¶ 18, 175. Finally, Plaintiff adequately explains how the alleged misconduct occurred. *Id.* ¶¶ 172-73, 199-200, 209-11.

Mr. Gray additionally argues that Plaintiff has failed to state a claim for fraud because he has not plausibly alleged that Mr. Gray made any statement that was known to be false at the time. The Amended Complaint alleges claims for fraud, constructive fraud, and deceit, but the claims are generally based on the same alleged conduct. Plaintiff alleges that Mr. Gray acted fraudulently by not informing him that an attorney lien could be placed

15

on his cause of action, placing an attorney's lien on the petition and Plaintiff's property without his consent, and not responding to Plaintiff's communications about the attorney's lien.

Under Oklahoma law, fraud is a "generic term" that is typically "divided into actual and constructive." *Faulkenberry v. Kansas City S. Ry. Co*., 602 P.2d 203, 206 (Okla. 1979). "Actual fraud is the intentional misrepresentation or concealment of a material fact which substantially affects another person." *Id*. Constructive fraud is "defined as any breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice." *Patel v. OMH Med. Ctr., Inc*., 987 P.2d 1185, 1199 (Okla. 1999). "Constructive fraud does not require an intent to deceive, and liability for constructive fraud may be based on negligent or even innocent misrepresentation." *Faulkenberry*, 602 P.2d at 206 n. 8.

To the extent Plaintiff alleges that he was deceived into entering into the agreement for legal services because Mr. Gray did not disclose that he may seek an attorney's lien on the cause of action or did not receive Plaintiff's consent to file the lien, the Court agrees with Mr. Gray that this is not sufficient to form the basis of a fraud claim. An attorney's right to a charging lien is a matter of statute and an attorney does not engage in fraud merely by pursuing these statutory remedies. However, liberally construed, Plaintiff has also alleged that Mr. Gray excessively and unnecessarily billed Plaintiff for certain actions and needlessly delayed pursuing the case as a means to increase his billing. *See* Am. Compl. §§ 42-48, 56-67, 86, 209(1), 209(2). Taken as true, these allegations are sufficient for the

constructive fraud claim to survive a motion to dismiss. The remaining fraud claims are dismissed.

Finally, Mr. Gray requests dismissal for failure to join an indispensable party—the Seventh Chapter Land Trust—under Federal Rule of Civil Procedure 19. Rule 19's standards for assessing the indispensability of a party should be applied "in a practical and pragmatic but equitable manner." *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (quoting *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 878 (10th Cir. 1981)). Under Rule 19, a district court "must first determine whether the absent party is necessary to the lawsuit and, if so, whether joinder of the absent party is feasible." *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999) (citing Fed. R. Civ. P. 19(a)). "If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed." *Rishell*, 94 F.3d at 1411.

> Rule 19(a)(1) defines a person as required if
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Mr. Gray argues that the Seventh Chapter Land Trust is a required party because without its joinder, the Court cannot accord complete relief to the parties and Mr. Gray could be subject to a separate action by the Trust which would present a substantial risk of multiple or inconsistent obligations. In support of this argument, Mr. Gray contends that the entire series of events occurred while he was representing the Trust, who owned the property at the time, and that the attorney's lien is filed against Mr. Pierce and/or the Trust [Doc. No. 8-12].

In response, Plaintiff argues that the Trust was never Mr. Gray's client and that the Trust does not own the property that is encumbered by the attorney's lien. Am. Compl. ¶ 121. Plaintiff notes that the Engagement Letter does not reference any representation for the Trust and has submitted a deed showing that the Trust does not own the property. [Doc. No. 18-2].

The Court is not persuaded that it cannot afford complete relief among the existing parties with respect to Plaintiff's remaining claims, which concern Mr. Gray's conduct during his representation of Plaintiff and the validity of a lien placed on land Plaintiff claims he owns individually. A decision by this Court regarding these individual claims would at least accord complete relief between Plaintiff and Mr. Gray regarding their attorney-client relationship, which is the focus of this lawsuit.

Furthermore, the Court cannot at this time find that the Trust's absence presents a substantial risk of multiple or inconsistent obligations for Mr. Gray. "The proponent of a motion to dismiss under Rule 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest

will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)). "The proponent's burden can be satisfied by providing 'affidavits of persons having knowledge of these interests as well as other relevant extra pleading evidence.'" *Id.* at 1293 (quoting *Martin v. Local 147, Int'l Bhd. of Painters & Allied Trades, AFL-CIO-CFL*, 775 F. Supp. 235, 236-37 (N.D. Ill. May 29, 1991)) (citation omitted).

The Tenth Circuit often "decline[s] to find a person to be an indispensable party where the possibility of inconsistent obligations [is] simply speculative." *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1280 (10th Cir. 2012) (citing *Norton*, 240 F.3d at 1259) ("As noted above, nothing in the record indicates the possibility of additional lawsuits involving this same subject matter . . . 'The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria.'") (citations and quotation marks omitted); *Air-Exec, Inc. v. Two Jacks, Inc.*, 584 F.2d 942, 945 (10th Cir. 1978) ("[W]e are to look at the practical probabilities more than the theoretical possibilities. The practical probabilities here seem rather remote.") (citation omitted)).

Mr. Gray has not met his burden of showing that the Trust claims an interest relating to the subject of the action and is so situated that disposing of the action in the Trust's absence may subject Mr. Gray to a substantial risk of inconsistent obligations. As previously noted, Plaintiff has come forward with evidence purporting to show that the property that is subject to the lien is owned by Plaintiff individually. Mr. Gray perfunctorily argues that "without joinder of the Trust, Mr. Gray could be subject to a separate action by

the Trust which would subject him to a 'substantial risk of multiple or inconsistent obligations.'" Doc. No. 12 at pp. 18-19. Beyond this, however, Mr. Gray does not explain how there is a substantial, as opposed to speculative, risk of multiple or inconsistent obligations with respect to the Trust. Accordingly, dismissal for failure to join the Trust is not warranted at this time.

## CONCLUSION

As set out above, Defendant Stephen Gray's Motion to Dismiss [Doc. No. 12] is GRANTED in part and DENIED in part, Defendant Janice Sizemore's Answer and Motion to Dismiss [Doc. No. 13] is GRANTED, and Defendant Janice Sizemore's Motion for Sanctions Pursuant to Rule 11 [Doc. No. 14] is DENIED. Ms. Sizemore is dismissed. The claims for legal malpractice, negligence, breach of contract, deceit, and fraud asserted against Mr. Gray are dismissed.

IT IS SO ORDERED this 8th day of October, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE